■ JOSEPH STEIN, Respondent, v LOUIS SIEGEL, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries arising out of an automobile accident in Austria, defendant Siegel appeals from two orders of the Supreme Court, Queens County, (1) the first dated November 26, 1974, which, on plaintiff's motion, (a) dismissed appellant's first and fourth affirmative defenses and directed a hearing as to the question of dismissal of the remaining two affirmative defenses; and (b) denied defendant's cross motion to dismiss the complaint on the ground that there is another action pending in Austria or for forum non conveniens; and (2) the second dated March 10, 1975, which, after such hearing, dismissed said remaining two affirmative defenses. Orders affirmed, with one bill of $50 costs and disbursements to cover both appeals. Plaintiff and appellant, both Queens County residents at the time this action was commenced (appellant now resides in Florida), and their respective wives planned a European vacation which included the rental of an automobile in Vienna, Austria, for the purpose of travel to Yugoslavia. After arrival in Vienna, the parties arranged for such a rental from a subsidiary of defendant Avis Rent-A-Car. The rental was in the name of appellant. The liability insurance carrier of the vehicle, Wiener Allianz, is an Austrian company not subject to the jurisdiction of our courts. On September 24, 1972, while on the way to Yugoslavia, the automobile, driven by appellant, was involved in an accident near Graz, Austria. Plaintiff was injured and subsequently commenced an action in Austria against appellant, the Austrian owner-lessor of the vehicle and the Austrian insurance carrier. Thereafter, plaintiff commenced the instant action in the Supreme Court, Queens County, against appellant and Avis Rent-A-Car arising out of the same automobile accident. The complaint alleges that, as a result of appellant's negligence, plaintiff sustained personal injury damages of $1,000,000. At a later date, plaintiff arranged for a discontinuance of the Austrian action. The discontinuance,

under Austrian law and in the absence of appellant's consent, was conditioned upon plaintiff's payment of costs and waiving any further claims against appellant arising out of the accident. On these facts, we find no merit to the arguments raised by appellant in support of dismissal of the complaint in the instant action. New York is not an inconvenient forum, as opposed to Austria, within the meaning of CPLR 327, unless it can be shown that the foreign forum would best serve the interests of justice and the convenience of the parties (*Slaughter v Waters,* 41 AD2d 810). Where, as in the present case, the plaintiff is a resident of this State and appellant resides in the United States, and the cause of action concerns a transitory occurrence abroad, the criteria for establishing the affirmative defense of *forum non conveniens* have not been met. Further, since plaintiff has proceeded to the point of withdrawing the Austrian action with prejudice to its renewal, subject only to the payment of costs, there is arguably no relevant alternative forum, a precondition to dismissal for *forum non conveniens.* Nor does the Austrian decree, as appellant argues, bar suit here because it contains a waiver of claim. As a matter of comity, a foreign country judgment will not be recognized by our courts insofar as it contravenes the public policy of this State (*De Pena v De Pena,* 31 AD2d 415). That policy, as embodied in CPLR 3217, is that a discontinuance by any method is ordinarily without prejudice to the commencement of a new action. We hold, therefore, that the Austrian decree does not constitute a waiver of claim against appellant in New York. Finally, as to whether the substance of this litigation is to be governed by New York law or Austrian law, Special Term provided appellant with the opportunity to come forward with the applicable laws of Austria, but he failed to do so. Under the rules of evidence, a party must plead and prove the foreign law if he intends to establish from it a rule different from that of the forum (8 NY Jur, Conflict of Laws, § 8). Failure to meet this burden permits our courts to proceed under the assumption that the law of the foreign jurisdiction accords with the law of New York on the subject (*Read v Lehigh Valley R. R. Co.,* 284 NY 435). On this basis alone, we would decide that the law of New York is controlling. Nevertheless, we have examined all the facts and we conclude that it is New York which possesses the real interest in this litigation and it is, therefore, our law which must be applied (*Babcock v Jackson,* 12 NY2d 473). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.