Erwin SUSSMAN and Ira Guilden, deceased, By and Through Paul Guilden, his personal representative, Plaintiffs–Appellants,

v.

BANK OF ISRAEL, Ministry of Finance of the Government of Israel, Bank Hapoalim, Ltd., Moses Mandelbaum, Galia Maor, Zeev Eveles, and John Does 1–5, Defendants–Appellees.

No. 1204, Docket 92–7981.

United States Court of Appeals, Second Circuit.

Argued March 11, 1993.

Decided April 6, 1993.

Nathan Lewin, Washington, DC (Seth P. Waxman, Michael J. Barta, Miller, Cassidy, Larroca & Lewin, Washington, DC, Richard H. Dolan, Schlam, Stone & Dolan, New York City, on the brief), for plaintiffs-appellants.

Jonathan J. Lerner, New York City (Angela G. Garcia, Skadden, Arps, Slate, Meagher & Flom, New York City, on the brief), for defendants-appellees.

Before NEWMAN and CARDAMONE, Circuit Judges, and METZNER,* District Judge.

PER CURIAM:

This is an appeal from the September 16, 1992, order of the District Court for the Southern District of New York (Charles S. Haight, Jr., Judge) dismissing on grounds of *forum non conveniens* a suit arising out of the activities of an Israeli bank, the North American Bank. The Bank was liquidated by Israeli authorities in 1988. The suit is brought by Erwin Sussman and Ira Guilden, who is deceased and is suing by his personal representative. Sussman and Guilden were founders, shareholders, and directors of the Bank. They claim to have been defrauded of several millions of dollars that they invested in the Bank. Sussman is a Swiss citizen residing in California; Guilden was a United States citizen, resident in New York.

In a comprehensive opinion, Judge Haight dismissed the suit on grounds of *forum non conveniens. Sussman v. Bank of Israel,* 801 F.Supp. 1068 (S.D.N.Y. 1992). He conditioned the dismissal on the defendants' agreeing to waive any Israeli limitations defenses that would not have been available when the complaint was filed in the United States. He also required an undertaking from appropriate Israeli officials that Sussman would not be detained in Israel in connection with a suit by the Bank's liquidator, now pending in

---

Israel, if Sussman traveled there to initiate his own lawsuit against the Bank. Upon compliance with these conditions, the United States suit was finally dismissed.

We review the dismissal ruling under an abuse of discretion standard. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981); *Borden, Inc. v. Meiji Milk Products Co.*, 919 F.2d 822, 827 (2d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2259, 114 L.Ed.2d 712 (1991). We need not consider the significance of Sussman's Swiss citizenship or California residence since Judge Haight assessed the dismissal motion on the assumption that both plaintiffs were "entitled to array themselves in the full panoply of a home state litigant." 801 F.Supp. at 1073. Judge Haight concluded, applying traditional standards, that this suit was a "quintessential case for application of the forum non conveniens doctrine." *Id.* at 1079. After considering all of appellants' contentions, we are satisfied that the District Judge acted well within his discretion.

Affirmed.