OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Defendant law firm represented defendant Investors, an insurance company. The company erroneously believed that plaintiffs were delinquent in paying their insurance premiums and consequently, the law firm commenced a collection action and entered a default judgment against plaintiffs for the sum believed due. Although thereafter informed by their client that a mistake had been made and that plaintiffs did not owe Investors the premium, defendant refused to enter a satisfaction of judgment until plaintiffs paid defendant the amount of $60 for issuing and filing the satisfaction. Plaintiffs paid the $60 and subsequently instituted this action asserting that they had suffered substantial damage as a result of defendants’ conduct and seeking relief on several grounds. Among the causes asserted were several based upon consumer protection statutes, specifically, articles 22-A and 29-H of the General Business Law. We conclude that none of these causes of action may stand.
Article 22-A of the General Business Law, entitled “Consumer Protection from Deceptive Acts and Practices”, declares unlawful “[deceptive acts or practices in the conduct *961 of any business, trade or commerce or in the furnishing of any service in this state” (General Business Law § 349). Whether or not defendant’s actions were proper, manifestly they did not mislead plaintiffs in any material way and did not constitute "deceptive acts” within the meaning of the statute. Thus, plaintiffs were not "person[s] * * * injured by reason of any violation of [article 22-A]” (see, General Business Law § 349 [h]; Genesco Entertainment v Koch, 593 F Supp 743, 751 [holding that plaintiff was not "injured by reason of any violation” of section 349 because alleged misrepresentations did not constitute a deceptive practice within the meaning of the act]).
Insofar as plaintiffs rely upon article 29-H of the General Business Law, which regulates debt collection practices, their claim fails because the article does not create a private cause of action, but authorizes only the Attorney-General or a District Attorney to commence an action for violation of its provisions (see, General Business Law § 602 [2]). Given the Legislature’s action in amending article 22-A to expressly provide for a private cause of action in that article (see, General Business Law § 349 [h], added by L 1980, ch 346), its provision for private causes of action in other portions of the General Business Law (see, e.g., arts 29-1, 30), and the absence of a similar provision for enforcing article 29-H, we conclude the Legislature did not intend to create a private cause of action for violations of article 29-H (see generally, CPC Intl. v McKesson Corp., 70 NY2d 268; Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 325). Accordingly, the claims relying upon articles 22-A and 29-H of the General Business Law were properly dismissed.
We have reviewed the remaining causes of action alleged in plaintiffs’ complaint and agree with the Appellate Division that they should be dismissed also.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, with costs, in a memorandum.