The NORTHWESTERN MUTUAL LIFE INSURANCE CO., Plaintiff,

v.

Richard WENDER, Defendant.

No. 95 Civ. 10222 (DAB).

United States District Court,
S.D. New York.

Sept. 17, 1996.

Schnader Harrison Segal & Lewis, New York City (Peter Jason, Edward W. Ferruggia, of counsel), for plaintiff.

Bickford & Hahn L.L.P., New York City (Richard E. Hahn, of counsel), for defendant.

**64**

BATTS, District Judge.

Plaintiff brings this action for a declaration that the Defendant is not disabled; and accordingly, that Plaintiff is not obligated to pay disability benefits. Plaintiff moves to dismiss Defendant's counterclaims and strike paragraph 68 of the Answer.

## I. BACKGROUND

Plaintiff is incorporated, and has its principal place of business in Wisconsin. (Answer ¶ 28.) Defendant is a resident of New York. (*Id.* ¶ 30.) Defendant was an ophthalmic microsurgeon, until May 4, 1989, when he was involved in a waterskiing accident resulting in his inability to perform surgery. (*Id.* ¶¶ 37, 41, 45.) Prior to the accident, in 1988, and up until October 24, 1989, Defendant was employed by Dr. David Brown in Florida. (*Id.* ¶¶ 38, 46.) Defendant has not been "gainfully employed" since then. (*Id.* ¶ 47.)

Defendant applied for and received a disability policy in 1987. (*Id.* ¶¶ 31–32.) In March 1990, Defendant submitted a request for disability benefits to the Plaintiff, and received same in approximately September 1991.[1] (*Id.* ¶¶ 48–49, 58.) Defendant provided several forms of information to the Plaintiff to enable it to evaluate his claim, (*Id.* ¶¶ 49–52), and he submitted to a electromyograph. (*Id.* ¶ 56.) Subsequently, Defendant was asked to submit to further examinations and submit further information, some of which he refused to do, after inquiry. (*Id.* ¶¶ 59–64.) Payments then ceased in September 1993. (*Id.* ¶ 66.) Requests for more information and examinations continued thereafter. (*Id.* ¶¶ 69–79.)

## II. DISCUSSION

■ "On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the [pleader.]" *Bolt Elec., Inc. v. City of N.Y.,* 53 F.3d 465, 469 (2d Cir.1995) (citations omit-

ted); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). "The district court should grant such a motion only if, after viewing [the pleader's] allegations in this favorable light, 'it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.' " *Walker v. City of N.Y.,* 974 F.2d 293, 298 (2d Cir.1992) (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119 (2d Cir.1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957))), *cert. denied,* 507 U.S. 961, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993). Here, Defendant's facts as alleged in the counterclaims will be looked at in the most favorable light. *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.,* 382 U.S. 172, 174, 86 S.Ct. 347, 348–49, 15 L.Ed.2d 247 (1965); *Schatt v. Curtis Management Group, Inc.,* 764 F.Supp. 902, 915 (S.D.N.Y.1991); *Reeves v. American Broadcasting Cos.,* 580 F.Supp. 84, 89 (S.D.N.Y.), *aff'd,* 719 F.2d 602 (2d Cir.1983).

### A. Third Counterclaim

■ Plaintiff moves to dismiss Defendant's third counterclaim which alleges a cause of action pursuant to New York General Business Law § 349, (Answer ¶ 92–96), for failure to state a claim.[2]

Section 349 entitled "Deceptive acts and practices unlawful," states:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

■ The statute creates a private right of action and a Plaintiff can recover her actual damages, or $50.00, whichever is greater. If the Court finds the Defendant acted wilfully or knowingly, treble damages may be awarded, up to $1,000.00. Attorney's fees may also be awarded.

---

1. It is unclear from the submissions and pleadings when payments actually began.

2. Contrary to Plaintiff's arguments, Defendant does not bring a cause of action pursuant to New York Insurance Law § 2601 and he cannot, because a private right is not recognized pursuant

to that statute. *New York University v. Continental Ins. Co.,* 87 N.Y.2d 308, 639 N.Y.S.2d 283, 662 N.E.2d 763 (N.Y.1995); *Rocanova v. Equitable Life Assurance Soc'y,* 83 N.Y.2d 603, 612 N.Y.S.2d 339, 634 N.E.2d 940 (N.Y.1994).

Parties who allege a cause of action under Section 349 must "at the threshold, charge conduct that is consumer oriented. The conduct need not be repetitive or recurring but defendant's acts or practices must have broad impact on consumers at large; 'private contract disputes unique to the parties ... would not fall within the ambit of the statute.'" *NYU*, 87 N.Y.2d 308, 639 N.Y.S.2d at 290, 662 N.E.2d at 770 (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 532, 647 N.E.2d 741, 744 (N.Y. 1995)). The pleader must then establish that the opposing party engaged in an act or practice that is deceptive in a material way, and that he was injured. *Varela v. Investors Ins. Holding Corp.*, 81 N.Y.2d 958, 598 N.Y.S.2d 761, 615 N.E.2d 218 (N.Y.1993).

Defendant has failed to plead these facts sufficiently. For example, there are no specific allegations of an impact on consumers at large, or that Plaintiff employed deceptive practices. Conclusory allegations are insufficient to withstand a motion to dismiss. While the Court, looking at the facts in the light most favorable to the Defendant, as it is required to do, can conclude that the acts complained of here are consumer-oriented, in that, they are the type of conflicts that potentially can occur between any insured and insurer, this cannot be said for determining the allegedly deceptive acts employed by Plaintiff. Furthermore, this is essentially a private contract dispute relating to the specific facts at hand. Accordingly, Plaintiff's alleged behavior is not the type of behavior covered by Section 349.

Defendant's third counterclaim is dismissed.

## B. Fourth Counterclaim

Plaintiff moves to dismiss Defendant's fourth counterclaim which alleges a cause of action of "bad faith refusal to honor [a] claim under Wisconsin law." (Answer ¶¶ 97–108.) The Court is faced with a choice of law question.

Wisconsin recognizes a common law cause of action against an insurer for unreasonably and in bad faith, refusing to honor a claim of the insured. *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 271 N.W.2d 368, 374 (1978); *Bright v. Land O'Lakes, Inc.*, 844 F.2d 436, 440 (7th Cir.1988); *Weiss v. United Fire and Cas. Co.*, 197 Wis.2d 365, 541 N.W.2d 753 (1995). New York has legislation covering this type of conduct, codified in New York Insurance Law § 2601(a)(1)–(5).

Accordingly, both New York and Wisconsin regulate the same conduct, however, New York does not permit a private cause of action to enforce Section 2601, (*see supra* note 2), whereas Wisconsin permits a cause of action to recover both compensatory and punitive damages.

Federal courts, when determining what law to apply, must follow the choice of law rules prevailing in the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 494, 61 S.Ct. 1020, 1020–21, 85 L.Ed. 1477 (1941); *Norlin Corp. v. Rooney, Pace Inc.*, 744 F.2d 255, 263 (2d Cir.1984). "The principles compelling a forum state to apply foreign law come into play only when a legitimate and substantial interest of another state would thereby be served." *Norlin*, 744 F.2d at 263.

With choice of law conflicts in tort actions, New York applies the "interest analysis" test. *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 197, 491 N.Y.S.2d 90, 95, 480 N.E.2d 679, 683–84 (N.Y.1985); *Istim, Inc. v. Chemical Bank*, 78 N.Y.2d 342, 347, 575 N.Y.S.2d 796, 798, 581 N.E.2d 1042, 1044 (N.Y.1991); *Stein v. Siegel*, 50 A.D.2d 916, 377 N.Y.S.2d 580, 583 (2d Dep't.1975). "'[T]he law of the jurisdiction having the greatest interest in the litigation will be applied and ... the [only] facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict.'" *Schultz*, 65 N.Y.2d at 197, 491 N.Y.S.2d at 95, 480 N.E.2d at 684 (quoting *Miller v. Miller*, 22 N.Y.2d 12, 15–16, 290 N.Y.S.2d 734, 737, 237 N.E.2d 877, 879 (N.Y.1968)). The *Schultz* Court found that under this definition the two most important factors for a court to consider are domicile and the locus of the tort. *Id.*

■ Courts have determined that depending on the tort involved, domicile or locus will be more, or less, crucial to the choice of law decision. If the conflict involves standards of conduct, the law of the locus jurisdiction will predominate due to the jurisdiction's interest in regulating conduct within its borders and in protecting the expectations of the parties whose conduct is at issue. *Id.* at 198, 491 N.Y.S.2d at 95–96, 480 N.E.2d at 683–85; *AroChem Int'l, Inc. v. Buirkle*, 968 F.2d 266, 270 (2d Cir.1992); *Tischmann v. ITT/Sheraton Corp.*, 882 F.Supp. 1358, 1366 (S.D.N.Y.1995). If the conflict involves the allocation of losses then the locus is less important and the jurisdiction of common domicile is more important. Standards to guide courts in determining where the locus is, include the interest of the jurisdiction in applying its law to discourage future bad conduct, the place where a defendant's conduct would be evaluated, and to a lesser extent the place where the "victim" suffered economic loss. *Sussman v. Bank of Israel*, 801 F.Supp. 1068, 1075 (S.D.N.Y. 1992), *aff'd*, 990 F.2d 71 (2d Cir.1993).

Here, the tort regulates conduct; hence, the locus is the more important consideration. Determining where the tort occurred is not as simple as it first appears. The parties agree that when the insurance policy was signed the Defendant was a New York resident, and the application for the policy was delivered to New York. The Plaintiff also states that the application for the policy was prepared and executed in New York, and that the first premium was paid, and the policy delivered to Plaintiff's agent in New York. Defendant states that Plaintiff is incorporated and has its "headquarters" in Wisconsin, that it issued the policy from Wisconsin,[3] that the request for benefits was sent to Wisconsin, all correspondence from the Defendant went to Wisconsin, all correspondence from Plaintiff originated in Wisconsin, and that the benefits paid were drawn from an account in Wisconsin. (Def.'s

Mem. Law at 17–18.) Defendant concludes therefore that Wisconsin has more contacts with the litigation and logically a greater interest in having its law applied.

■ The Court is not persuaded and accordingly finds that New York law should apply. Although Plaintiff's principal place of business and its state of incorporation is Wisconsin, it does business in New York. New York has statutory laws to regulate the conduct of those insurance companies doing business in New York. Similar to Wisconsin's common law, New York's statute is meant to protect the consumer and at the same time regulate the insurers' conduct. *NYU*, 87 N.Y.2d 308, 639 N.Y.S.2d at 288, 662 N.E.2d at 768. Defendant requests the application of Wisconsin's law because, in essence, unfortunate as it may be, there is no private right of action in New York. This is not to say that New York, either through legislation or common law, has not spoken on this issue. In fact, it has found there is no private right of action. Defendant cannot simply attempt to circumvent that denial of a claim by asking for the application of another's state's law. Accordingly, the Court finds that Wisconsin has [4] no overriding legitimate or substantial interest. *Norlin*, 744 F.2d at 263.

■ Furthermore, the Court finds that the tort occurred in New York. Although the cause of action here is one sounding in tort, it arises from an insurance contract. Therefore, standards used to determine the jurisdiction for resolving insurance policy claims should be considered. They include the location of the Defendant, the insured's principal place of business, where the insurance policy was issued and delivered, the location of the agent or broker, and where the premiums were paid. *Olin Corp. v. Insurance Co. of N. Am.*, 743 F.Supp. 1044, 1049 (S.D.N.Y.1990), *aff'd*, 929 F.2d 62 (2d Cir.1991). The majority of the factors occurred in New York.

---

**3.** Defendant does agree that Plaintiff is licensed to issue policies in New York. (Def.'s Mem. Law at 1 (citing Answer ¶ 29.))

**4.** The interest Wisconsin does have is to regulate the conduct within its borders and protect its

residents. Its resident is not involved here and it is not clear that any more conduct occurred within Wisconsin's border that within New York's border.

However, whether the insurance policy was delivered to New York or Defendant wrote letters to Wisconsin, the fact remains that insurance companies' conduct, including the Plaintiff's, is regulated in New York, hence what they do in New York with New York consumers, whether that consists of sending a policy to New York or denying benefits, occurs in New York. The effect of their actions occur in New York; accordingly the tort occurred in New York.

Finding that New York law applies, the Defendant's Fourth Counterclaim is dismissed.

## C. Other Counterclaims

Plaintiff moves to dismiss Defendant's first and second counterclaims on the ground that they are pled in violation of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires that the Complaint set forth "a short and plain statement of the grounds" upon which the pleader is moving. Pursuant to Rule 12, the Court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The Court finds that the allegations set forth in the Defendant's Answer, pleading his counterclaims, are not redundant, immaterial, impertinent, or scandalous; and accordingly, finds no reason to strike them. Plaintiff's motion is denied.

## D. Paragraph 68

■ Finally, Plaintiff moves to strike paragraph 68 of the Answer as improper for stating facts regarding settlement negotiations between the parties.

The parties argue that Rule 408 of the Federal Rules of Evidence applies here. Rule 408 precludes the admission of testimony regarding settlement, at trial. Hence, unless there is another reason for the admissibility of the statements in paragraph 68 they should be stricken. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y.1992), *aff'd*, 23 F.3d 398 (2d Cir.), *cert. denied*, — U.S. ——, 115 S.Ct. 365, 130 L.Ed.2d 318 (1994). Defendant argues that the information is pertinent to his third and fourth counter-

claims. However, those claims are dismissed. Defendant has failed to state other alternate grounds for admission of the evidence. Accordingly, Paragraph 68 of Defendant's counterclaims is ordered stricken. Defendant is to file an Amended Answer incorporating that change.

## III. CONCLUSION

Plaintiff's motion requesting dismissal of Defendant's counterclaims 1 and 2 is DENIED. Defendant's counterclaims 3 and 4 are hereby DISMISSED. Plaintiff's request to strike paragraph 68 is GRANTED. Defendant is to file an amended answer within 20 days of the date of this Order. The parties are to appear for a pre-trial conference on October 18, 1996, at 11:30 a.m.

SO ORDERED.