■ FREDERICK M. OBERLANDER, Appellant, v MONARCH LIFE INSURANCE COMPANY, Respondent. [712 NYS2d 557] —In an action, *inter alia,* to recover damages for breach of an insurance contract and violations of the consumer protection statutes of the State of Massachusetts, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 18, 1999, as granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action which alleged violations of the consumer protection statutes of the State of Massachusetts.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a New York resident, purchased a disability insurance policy from the defendant, Monarch Life Insurance Company (hereinafter Monarch), a company incorporated in and having its principal place of business in Massachusetts, but licensed to do business in New York. The plaintiff purchased the policy in New York from a licensed resident insurance agent. The plaintiff commenced this action in New York, when, following a disabling injury and the initial receipt of benefits therefor, the defendant terminated his benefits.

The plaintiff's second cause of action alleges that the manner in which Monarch stopped payment violated the consumer protection laws of Massachusetts. Monarch moved to dismiss that cause of action, contending that under the applicable choice-of-law rules, the laws of New York govern, and a cause of action grounded in Massachusetts law does not lie.

Employing the interest-analysis test, the Supreme Court properly determined that New York had both the more significant contacts with this case and the greater interest in regulating the conduct of Monarch, because the alleged tortious behavior occurred in New York (*see, Padula v Lilarn Props. Corp.,* 84 NY2d 519; *Schultz v Boy Scouts,* 65 NY2d 189; *Northwestern Mut. Life Ins. Co. v Wender,* 940 F Supp 62). Further, because New York has the greater interest in regulating conduct within its borders, and a New York statutory scheme is in place to protect New York consumers, the applicable law is that of New York (*see,* CPLR 3211 [a] [7]; *Padula v Lilarn Props. Corp., supra; Northwestern Mut. Life Ins. Co. v Wender, supra; see generally, Leon v Martinez,* 84 NY2d 83). Thus, the Supreme Court properly dismissed the second cause of action based on alleged violations of Massachusetts statutory law. Krausman, J. P., Goldstein, Feuerstein and Smith, JJ., concur.