■ LOCAL NO. 4, INTERNATIONAL ASSOCIATION OF HEAT AND FROST AND ASBESTOS WORKERS, et al., Respondents, v BUFFALO WHOLESALE SUPPLY CO., INC., Doing Business as NIAGARA INSULATIONS, et al., Defendants, and MANUFACTURERS AND TRADERS TRUST COMPANY, Appellant. (Appeal No. 1.) [854 NYS2d 610]—

Memorandum: Plaintiffs, construction workers and the union representing them, commenced this action seeking, inter alia, to recover statutory trust assets allegedly diverted in violation of

Lien Law article 3-A. Plaintiffs alleged that defendant Buffalo Wholesale Supply Co., Inc., doing business as Niagara Insulations (BWS), diverted trust assets that it held as a result of work performed by plaintiffs on several construction projects in the Buffalo area. By their amended complaint, plaintiffs joined, inter alia, Manufacturers and Traders Trust Company (M & T) as a defendant in certain causes of action. Plaintiffs subsequently filed a second amended complaint joining Canfield Funding, LLC, doing business as Millennium Funding (Canfield), as a defendant in certain causes of action. According to plaintiffs, M & T loaned money to BWS and conspired with BWS to divert trust assets to enable BWS to repay that debt, and Canfield also conspired with BWS to divert trust assets by factoring certain receivables of BWS, which were then diverted and used, inter alia, to repay the debt of BWS to M & T and to make payments to the principals of BWS. In appeal No. 1, M & T appeals from an order denying its pre-answer motion to dismiss the amended complaint against it as time-barred and for failure to state a cause of action against it inasmuch as it was not a statutory trustee pursuant to Lien Law article 3-A. We note that the amended complaint subsequently was superseded by a second amended complaint. In appeal No. 2, Canfield appeals from an order denying its preanswer motion to dismiss the second amended complaint against it as time-barred. We affirm, although our reasoning differs from that of Supreme Court.

We agree with M & T in appeal No. 1 and with Canfield in appeal No. 2 (collectively, appellants) that this action is one "to identify and recover trust assets in the hands of any person [or entity] together with interest accrued thereon from the time of the diversion" (Lien Law § 77 [3] [a] [i]), and thus is subject to the one-year statute of limitations set forth in Lien Law § 77 (2) (see *Losco Group v Yonkers Residential Ctr.*, 276 AD2d 532, 533 [2000]). We agree with plaintiffs, however, that there is an issue of fact whether the doctrine of equitable estoppel prevents appellants from asserting the statute of limitations as a defense. "[A] defendant may be estopped to plead the Statute of Limitations where [a] plaintiff was induced by fraud, misrepresentation, or deception to refrain from filing a timely action" (*Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]; see also *Pecoraro v M&T Bank Corp.*, 11 AD3d 950, 952 [2004]). Plaintiffs' second amended complaint alleges that appellants conspired with BWS to conceal the fact that they were diverting trust assets and, "[w]here concealment without actual misrepresentation is claimed to have prevented a plaintiff from commencing a timely action, the plaintiff must demonstrate a fiduciary relationship

. . . which gave the defendant an obligation to inform [the plaintiff] of facts underlying the claim" (*Gleason v Spota*, 194 AD2d 764, 765 [1993]; *see Zumpano v Quinn*, 6 NY3d 666, 675 [2006]; *Niagara Mohawk Power Corp. v Freed*, 288 AD2d 818, 819 [2001]). Although there are exceptions, "the question of whether a defendant should be equitably estopped is generally a question of fact" (*Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 553 [2006]). Here, accepting as true and according every favorable inference to the allegations in the second amended complaint, as we must in determining motions to dismiss pursuant to CPLR 3211 (*see MetLife Auto & Home v Basil Chevrolet*, 303 AD2d 30, 31 [2002], *affd* 1 NY3d 478 [2004]; *Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]), we conclude that plaintiffs sufficiently alleged the existence of "a fiduciary relationship . . . which gave the [appellants] an obligation to inform [plaintiffs] of facts underlying the claim" (*Gleason*, 194 AD2d at 765). Plaintiffs thus raised an issue with respect to the applicability of the doctrine of equitable estoppel.

Contrary to the further contention of M & T in appeal No. 1, the court properly concluded that the second amended complaint stated a cause of action against it because a lender that comes into possession of trust assets is a statutory trustee and may be held liable for diverting those assets in violation of the Lien Law (*see generally Aspro Mech. Contr. v Fleet Bank*, 1 NY3d 324, 328-329 [2004], *rearg denied* 2 NY3d 760 [2004]). Canfield raises that same contention in appeal No. 2 for the first time in its reply brief, and thus it is not properly before us (*see Ponzi v Ponzi*, 45 AD3d 1327, 1328 [2007]; *McCarthy v Roberts Roofing & Siding Co., Inc.*, 45 AD3d 1375 [2007]; *Turner v Canale*, 15 AD3d 960 [2005], *lv denied* 5 NY3d 702 [2005]). In any event, the second amended complaint alleges that Canfield had notice that BWS was engaged in the construction business, and thus Canfield may be held liable for diversion of statutory trust funds if indeed it had notice that the business to which it was lending money was engaged in construction (*see generally LeChase Data/ Telecom Servs., LLC v Goebert*, 6 NY3d 281, 289-292 [2006]).

We have considered appellants' remaining contentions and conclude that they are without merit. In light of our decision, we need not consider plaintiffs' alternate grounds for affirmance. Present—Scudder, P.J., Martoche, Green and Gorski, JJ.