■ CHANELLE C. RICHEY, Appellant, v MARY LOU HAMM, Respondent. [910 NYS2d 791]—

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered October 6, 2009 in a personal injury action. The order granted the motion of defendant to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the second complaint is reinstated and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced a personal injury action seeking damages for injuries she allegedly sustained in a motor vehicle accident. That action was dismissed based on plaintiff's failure to serve defendant with the summons and complaint in accordance with CPLR 306-b, and plaintiff commenced a second action against defendant. Defendant moved to dismiss the second action as time-barred, and we conclude that Supreme Court erred in granting that motion without first conducting a hearing on outstanding issues of fact.

Contrary to the contention of defendant, plaintiff timely commenced the first action on July 14, 2008 by filing the summons and complaint. The accident occurred on July 12, 2005 and, although the three-year statute of limitations set forth in CPLR 214 would appear to have expired on July 12, 2008, we take judicial notice of the fact that July 12, 2008 was a Saturday (*see Matter of Persing v Coughlin*, 214 AD2d 145, 149 [1995]). Thus, pursuant to General Construction Law § 25-a (1), the statute of limitations did not expire until Monday, July 14, 2008.

Plaintiff contends that the court erred in granting the motion because defendant is equitably estopped from asserting the statute of limitations as a defense to the second action. We conclude that the court should have conducted a hearing on defendant's motion, inasmuch as there are issues of fact that must be resolved in order to determine the merits of the motion. Under the doctrine of equitable estoppel, "a defendant is estopped from pleading a statute of limitations defense if the 'plaintiff was induced by fraud, misrepresentations or deception to refrain

from filing a timely action' " (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 491 [2007], quoting *Simcuski v Saeli*, 44 NY2d 442, 449 [1978]; *see Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553 [2006]), and the plaintiff's reliance on the fraud, misrepresentations or deception was reasonable (*see Putter*, 7 NY3d at 552-553).

Here, the record contains an affirmation of plaintiff's attorney in which he asserted that he had entered into an agreement with defendant's insurance adjuster to "hold off with effecting service [in the first action] . . . in contemplation of furthering efforts to settle the claim and to allow the [insurer] an opportunity to obtain [p]laintiff's medical records." Plaintiff's attorney further asserted that the insurance adjuster "made [it] abundantly clear to [him] on a number of occasions that the case would be mutually settled and that there would be no reason to serve process upon the defendant." In reliance on those representations, plaintiff's attorney did not attempt to serve defendant. According to plaintiff's attorney, however, "[i]mmediately after" the time period within which to serve defendant in the first action expired, the claim was transferred to a second insurance adjuster who refused to pay anything on the claim, stating that he was not bound by any representations made by the first insurance adjuster. In reply, the two insurance adjusters denied the existence of any agreement with respect to service of process.

"Although there are exceptions, 'the question of whether a defendant should be equitably estopped is generally a question of fact' " (*Local No. 4, Intl. Assn. of Heat & Frost & Asbestos Workers v Buffalo Wholesale Supply Co., Inc.*, 49 AD3d 1276, 1278 [2008], quoting *Putter*, 7 NY3d at 553). In granting the motion to dismiss the second complaint, the court erred in determining that the conflicting statements of plaintiff's attorney and the insurance adjusters were irrelevant in the absence of a stipulation pursuant to CPLR 2104. All that is required for the application of the doctrine of equitable estoppel is reasonable reliance on fraud, deception or misrepresentation. Indeed the doctrine may be asserted where a defendant made "express prior representations" to extend the statute of limitations (*Baltimore & Ohio R. R. Co. v County of Genesee*, 112 AD2d 725 [1985], *appeal dismissed* 66 NY2d 759 [1985]; *cf. Terry v Long Is. R.R.*, 207 AD2d 881, 881-882 [1994]). Moreover, if there were a signed stipulation, there would have been no need to rely on the equitable estoppel theory because the stipulation itself would have been binding on defendant.

Contrary to defendant's contention, CPLR 205 (a) may apply

to extend plaintiff's time to commence the second action. CPLR 205 (a) permits a second action to be commenced within six months of the termination of the first action if the first action was not terminated based upon, inter alia, a failure to obtain personal jurisdiction over the defendant; the second action "would have been timely commenced at the time of commencement of the prior action"; and defendant is served within the six-month period. Here, it is undisputed that plaintiff failed to obtain personal jurisdiction over defendant in the first action, but that failure may be excused by equitable estoppel. Additionally, as previously noted, the first action was timely commenced and thus the second action would have been timely commenced at the time the first action was commenced. Finally, it is undisputed that defendant was served with the second summons and complaint within the requisite time period.

We thus conclude that there are issues of fact with respect to the applicability of the doctrine of equitable estoppel, and thus the applicability of CPLR 205 (a). Those issues must be resolved by a hearing pursuant to CPLR 2218 in order to determine the merits of defendant's motion (*see Abraham v Kosinski*, 305 AD2d 1091, 1092-1093 [2003]). We therefore reverse the order, deny defendant's motion, reinstate the second complaint and remit the matter to Supreme Court for a determination of defendant's motion following a hearing. Present—Martoche, J.P., Sconiers, Green and Pine, JJ.