10-4261-cv
Bulgartabac Holding AD v. Republic of Iraq

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5ᵗʰ day of December, two thousand eleven.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             REENA RAGGI,
                      *Circuit Judges*.
_____

BULGARTABAC HOLDING AD, A BULGARIAN CORPORATION,

                      *Plaintiff-Appellant*,

             v.                                          10-4261-cv

THE REPUBLIC OF IRAQ, NATIONAL TOBACCO STATE
ENTERPRISE, THE CENTRAL BANK OF IRAQ, RAFIDAIN BANK,

                      *Defendants-Appellees*.
_____

For Appellant:          Philip M. Musolino, Musolino & Dessel, PLLC, Washington, D.C.

                        Sylvia J. Rolinski, Rolinski & Suarez, LLC, Gaithersburg, Md.

For Appellees:          Jonathan I. Blackman, Andrew Weaver, Lisa M. Coyle & Sheryl
                        B. Shapiro, Cleary Gottlieb Steen & Hamilton LLP, New York,
                        N.Y.

Appeal from the United States District Court for the Southern District of New York (Holwell, *J.*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of said District Court be and hereby are AFFIRMED.

Bulgartabac Holding AD ("Bulgartabac") filed suit in the Southern District of New York for claims arising from a series of agreements made in the 1980s, under which payment was allegedly to be made through a New York bank. Plaintiff appeals from the district court's grant of a motion to dismiss brought by defendants under Federal Rule of Civil Procedure 12(b)(6). In addition, Bulgartabac appeals from the court's denial of its motion for reconsideration, as well as the denial of leave to amend its complaint. Further, defendants cross-appeal from the denial of their motion to dismiss the complaint for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). *See* 28 U.S.C. § 1604. We assume the parties' familiarity with the facts of the case and the issues on appeal.

"We review *de novo* a district court's grant of a defendant's motion to dismiss, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011) (internal quotation marks omitted). In addition, "[w]e generally review motions for reconsideration under an 'abuse of discretion' standard." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 435 (2d Cir. 2011). "However, a denial of leave to amend that is based on a legal interpretation, such as for futility, is reviewed *de novo*." *Id.*

"[I]n FSIA cases, we use the forum state's choice of law rules to resolve all issues, except jurisdictional ones." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 85 (2d Cir. 2002) (internal quotation marks and emphasis omitted). Under New York's choice of law rules, "New York courts generally apply New York's statutes of limitations, even when the injury giving rise to the action occurred outside New York." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998). If the parties do not "plead and prove the [content of] foreign law," as is the case here, New York courts are "permit[ted] . . . to proceed under the assumption that the law of the foreign jurisdiction accords with the law of New York on the subject." *Stein v. Siegel*, 377 N.Y.S.2d 580, 583 (App. Div. 1975). Therefore, New York law – including contract law, statutes of limitations, and tolling rules – governs this case.

Bulgartabac's claims hinge on two one-sentence clauses in the contracts at issue. The clauses call for the amicable resolution of any dispute that might arise between the parties. The issue is whether those clauses represent a condition precedent to either party filing suit under the contract – that is, whether the clauses require that the parties at a minimum attempt to resolve their dispute amicably *before* turning to the courts for relief.

Under New York law, "parties are free, within limits of public policy, to agree upon conditions precedent to suit." *Cont'l Cas. Co. v. Stronghold Ins. Co.*, 77 F.3d 16, 19 (2d Cir. 1996). "Although no particular words are necessary for the existence of a condition," the "absence [of conditional language] is probative of the parties' intention that a promise be made

2

rather than a condition imposed." Richard A. Lord, *Williston on Contracts* § 38:16 (4th ed. 2000). Moreover, "[c]onditions are not favored under New York law, and in the absence of unambiguous language, a condition will not be read into the agreement." *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1099-1100 (2d Cir. 1992).

The district court correctly concluded that the two clauses at issue "contain none of the language customarily used to create an express condition precedent to suit." J.A. Vol. II at 48. In addition, the clauses' reference to an amicable resolution does little more than suggest that both parties wished to avoid litigation. Therefore, the district court correctly concluded that plaintiff's "claims are independently barred by the statute of limitations." *Id.* at 47.

Bulgartabac argues that even if the clauses did not create a condition precedent to suit, the doctrine of equitable estoppel under New York law prevents defendants from asserting the statute of limitations as a defense given that they "repeatedly took actions which induced plaintiff to delay bringing this action." Appellant's Br. 47.

Under New York law, the doctrine of "equitable estoppel will preclude a defendant from using the statute of limitations as a defense where it is the defendant's affirmative wrongdoing . . . which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." *Putter v. N. Shore Univ. Hosp.*, 7 N.Y.3d 548, 552 (2006) (omission in original) (internal quotation marks omitted). Specifically, "[e]quitable estoppel is appropriate where the plaintiff is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the defendant." *Id.* at 552-53. Mere "[s]ettlement negotiations" or "allusions to future negotiations . . . are insufficient." *Stark v. City of New York*, 818 N.Y.S.2d 281, 282 (App. Div. 2006).

Bulgartabac does not raise the possibility that the defendants made any misleading statements, let alone outright misrepresentations. None of the defendants' alleged representations prevented Bulgartabac from filing a lawsuit, and thus the doctrine of equitable estoppel does not apply.

Bulgartabac argues that the court below erred in denying its motion for leave to amend its complaint as futile. Plaintiff's proposed amendment essentially alleges that it would have filed a lawsuit against defendants nearly two decades ago had they specifically denied that they were liable for any unpaid balance under the contracts.

The proposed amendment, however, does not suggest any "new separate . . . acts of wrongdoing" on the part of the defendants, *Zumpano v. Quinn*, 6 N.Y.3d 666, 675 (2006), or even that they provided the plaintiff with incorrect information. Rather, plaintiff offers a counterfactual claim about what it would have done had it known *more* information. Thus, such a claim would not have saved the complaint from a motion to dismiss.

Furthermore, even if we were to read the proposed amendment as alleging that defendants conceded liability and promised to pay Bulgartabac after international sanctions against Iraq ended, any reliance by Bulgartabac on such a concession would not have been

3

reasonable under the circumstances, especially given the complete uncertainty as to when the sanctions might be lifted.

We have considered plaintiff's remaining arguments and find them unpersuasive. Furthermore, because the district court correctly determined that plaintiff's claims were time-barred, we need not reach the question of whether the court had subject matter jurisdiction over the case. *See Conyers v. Rossides*, 558 F.3d 137, 150 (2d Cir. 2009) ("assum[ing] hypothetical jurisdiction" where "the question [was] one of statutory rather than constitutional jurisdiction").

Accordingly, we AFFIRM the district court's orders dismissing the lawsuit, denying reconsideration, and denying leave to amend.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4