◼ BARRY GOLDBERG et al., Appellants, v JILL A. KAUFMAN, Respondent, et al., Defendant. [989 NYS2d 899]—

In an action, inter alia, to recover damages for intentional infliction of emotional distress, negligent misrepresentation, fraudulent misrepresentation, defamation, abuse of process, and civil rights violations pursuant to 42 USC § 1983, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Marx, J.), dated September 11, 2012, as granted that branch of the motion of the defendant Jill A. Kaufman which was to dismiss the amended complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action against the New York State Department of Environmental Conservation (hereinafter DEC) and Jill A. Kaufman, in her official capacity as an employee of the DEC, asserting causes of action, inter alia, to recover damages for intentional infliction of emotional distress, negligent misrepresentation, fraudulent misrepresentation, defamation, abuse of process, and civil rights violations pursuant to 42 USC § 1983. After the defendants, represented by the New York State Attorney General (hereinafter the Attorney General), moved to dismiss the complaint, the plaintiffs filed an amended complaint, which removed the DEC and Kaufman, in her official capacity, as defendants, and added Kaufman, in her individual capacity, as a defendant. Thereafter, the Supreme Court, among other things, granted that branch of Kaufman's motion which was to dismiss the amended complaint as time-barred.

The plaintiffs' contention that the Attorney General was without authority to defend Kaufman in this action in her individual capacity is without merit (*see* Public Officers Law § 17 [2] [a]). Moreover, the Supreme Court correctly determined that the statutes of limitations applicable to the plaintiffs' claims against Kaufman in her individual capacity were not tolled by the doctrine of equitable estoppel, as the record establishes that the plaintiffs had "timely awareness of the facts requiring [them] to make further inquiry before the statute[s] of limitations expired" (*Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 553-554 [2006]). Accordingly, the Supreme Court properly granted that branch of Kaufman's motion which was to dismiss

the amended complaint as time-barred. Chambers, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.