13-3794-cv
Byrd v. Republic of Honduras

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand fifteen.

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI,
DENNY CHIN,
*Circuit Judges.*

-----------------------------------------------------------------------
CORTEZ BYRD, SIMMONS LUMBER CO., S.A.,
*Plaintiffs-Appellants*,

v.                                                              No. 13-3794-cv

THE REPUBLIC OF HONDURAS,
*Appellee*,

DEUTSCHE BANK SECURITIES INC., DEUTSCHE BANK AG,
*Respondents*,

CORPORACION FORESTAL Y INDUSTRIAL DE OLANCHO, S.A., WILLIAM E. SIMMONS, III, CARL SWAN, ISRAEL PACHECO, ALBERTO FIGUEROA, JOHN PEARSON, MYRA BERLIOZ, OSCAR ALVARENGA, MADERAS DE EXPORTACION, S.A.,
*Defendants.*
-----------------------------------------------------------------------

1

APPEARING FOR APPELLANTS:          CHARLES H. CAMP, SR., Law Offices of
                                   Charles H. Camp, PC, Washington, D.C.

APPEARING FOR APPELLEE:            JUAN C. BASOMBRIO, Dorsey &
                                   Whitney LLP, Costa Mesa, California
                                   (Mark Stephen Sullivan, Dorsey &
                                   Whitney LLP, New York, New York, *on
                                   the brief*).

FOR RESPONDENTS:                   Henry S. Weisburg, Shearman & Sterling
                                   LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley, III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on January 9, 2014, is AFFIRMED.

Plaintiffs Cortez Byrd and Simmons Lumber Co., S.A. appeal from the district court's (1) vacatur of its January 23, 2013 order (the "§ 1610(c) order") permitting execution against Appellee Republic of Honduras ("Honduras") on a 2003 judgment entered in the Southern District of Mississippi against Defendant Corporacion Forestal y Industrial de Olancho, S.A. ("Corfino"); and (2) denial of reconsideration as to its previous vacatur of restraining notices issued pursuant to the § 1610(c) order. See Byrd v. Corporacion Forestal y Indus. de Olancho, S.A., 974 F. Supp. 2d 264 (S.D.N.Y. 2013). Plaintiffs argue that the district court erred in holding that (1) Honduras was not a successor in interest to Corfino, and (2) plaintiffs failed to comply with the notice requirements of 28 U.S.C. § 1608(e). In response, Honduras challenges the district court's jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602–1611, to enter

2

the § 1610(c) order, and defends its vacatur decision. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In cases involving complex jurisdictional issues under the FSIA, we may assume "hypothetical jurisdiction" and affirm a dismissal on the merits. See In re Arbitration Between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine, 311 F.3d 488, 497–98 (2d Cir. 2002); see also Chalabi v. Hashemite Kingdom of Jordan, 543 F.3d 725, 728 (D.C. Cir. 2008); Bulgartabac Holding AD v. Republic of Iraq, 451 F. App'x 9, 12 (2d Cir. 2011) (summary order); Liu Bo Shan v. China Const. Bank Corp., 421 F. App'x 89, 91 & n.1 (2d Cir. 2011) (summary order). We follow that course here in light of the district court's thorough and well-reasoned merits analysis.

1.    Plaintiffs Failed To Show that Honduras is Corfino's Successor in Interest

Whether Honduras is Corfino's successor in interest turns on issues of law, which we review de novo, and factual determinations, which we review for clear error. See Retirement Plan of UNITE HERE Nat'l Ret. Fund v. Kombassan Holding A.S., 629 F.3d 282, 287 (2d Cir. 2010).

Plaintiffs fault the district court for applying the legal analysis articulated in First National City Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611 (1983) ("Bancec"), an alter ego case, instead of successor-in-interest principals stated in New York law. The Bancec challenge warrants little discussion because plaintiffs' successor-in-interest argument fails under New York law. "Under both New York law

3

and traditional common law, a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities." New York v. Nat'l Serv. Indus., Inc., 460 F.3d 201, 209 (2d Cir. 2006).[1]  "[A] buyer of a corporation's assets will be liable as its successor[, however,] if: (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." Id. (internal quotation marks omitted).

Plaintiffs offer no competent evidence that Honduras ever expressly or implicitly assumed Corfino's debts.  They point to a Honduran statute stating that the government assumed the liability of Corporation Hondureña de Desarrolla Forestal ("Cohdefor"), but they never show that Cohdefor in turn assumed the liability of Corfino.  Plaintiffs claim that Corfino's debts were "included by the Republic as 'External debt of the Official Sector of Honduras,'" is supported only by hearsay.  Appellants' Br. 22.  In any event, plaintiffs never explain what "External debt of the Official Sector of Honduras" means, much less offer evidence that it means that Honduras assumed Corfino's debt.  Finally, plaintiffs

---

[1] To urge otherwise, both in their reply brief and at oral argument, plaintiffs misquoted Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala, 989 F.2d 572 (2d Cir. 1993).  See Reply Br. 7–8.  In fact, Seetransport states that "the law in this country is clear that where one company transfers all its assets to another company, the latter is responsible for the debts and liabilities of the transferor if, *inter alia*, the transferee expressly or impliedly agrees to assume such debts or the purchasing corporation is merely a continuation of the transferor."  989 F.2d at 580 (emphasis added).  We remind plaintiffs and counsel that bad-faith litigation conduct is sanctionable.  See Chambers v. NASCO, Inc., 501 U.S. 32, 46–47 (1991); accord Ransmeier v. Mariani, 718 F.3d 64, 68 (2d Cir. 2013); see also Fed. R. App. P. 46(c).

suggest, in passing, that Corfino has <u>de facto</u> merged into Honduras, but they offer no evidence or even argument to support that suggestion. Like the district court, we conclude that plaintiffs have failed to demonstrate that Honduras is Corfino's successor, and we therefore affirm vacatur of the § 1610(c) order.

2.      <u>Plaintiffs Failed To Comply with the Notice Requirements of 28 U.S.C. § 1608(e)</u>

28 U.S.C. § 1608(e) requires that any "judgment by default . . . against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state . . . be sent to the foreign state or political subdivision in the manner prescribed" in 28 U.S.C. § 1608(a). We review the district court's interpretation of that provision <u>de novo</u>. <u>See</u> <u>United States v. Gayle</u>, 342 F.3d 89, 91 (2d Cir. 2003).

The judgment here—which the Mississippi court itself referred to as a default judgment, <u>see</u> J.A. 46—was entered after Corfino's lawyers withdrew from the case and failed further to defend. Plaintiffs nevertheless insist that the judgment was not a default for two reasons, neither of which persuades.

<u>First</u>, plaintiffs argue that a court cannot enter a default judgment after a party has appeared and defended, as occurred here. Precedent is to the contrary. <u>See</u> <u>City of New York v. Mickalis Pawn Shop, LLC</u>, 645 F.3d 114, 129 (2d Cir. 2011) (holding default appropriate where defendant refused further to participate in litigation even though "over the course of several years [defendants] appeared in the litigation, repeatedly moved to dismiss, eventually filed an answer, and vigorously defended themselves in discovery").

5

Second, plaintiffs argue that the judgment must have been on the merits because it was entered after trial. The "trial" to which they refer, however, was a one-day hearing required by § 1608(e) before entry of a default judgment. See 28 U.S.C. § 1608(e) ("No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.").

The judgment was thus a default judgment and notice to Honduras was required pursuant to § 1608(e). There is no question that plaintiffs did not provide such notice. Although plaintiffs argue that they properly served Corfino, and that Honduras should be bound by that service, that argument ignores the plain language of § 1608, which provides different forms of service for a foreign state and for instrumentalities of a foreign state. Thus, to provide notice to Honduras, plaintiffs were required to comply with the provisions for service on the foreign state. Their failure to do so provides further ground to affirm the vacatur judgment.

Because we affirm vacatur of the § 1610(c) order, plaintiffs' challenge to the district court's denial of reconsideration of its vacatur of the restraining notices is moot and need not be addressed on the merits.

We have considered plaintiffs' remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6