Collins v Davirro (2018 NY Slip Op 02915)





Collins v Davirro


2018 NY Slip Op 02915


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


64 CA 17-01126

[*1]JACKIE S. COLLINS, PLAINTIFF-RESPONDENT,
v
KATIE A. DAVIRRO, DEFENDANT-APPELLANT, AND ORLEANS/NIAGARA BOARD OF COOPERATIVE EDUCATIONAL SERVICES, DEFENDANT. 






HURWITZ & FINE, P.C., BUFFALO (TODD C. BUSHWAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM MATTAR, P.C., WILLIAMSVILLE (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered January 13, 2017. The order, inter alia, denied the pre-answer motion of defendant Katie A. Davirro to dismiss the complaint against her. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Katie A. Davirro (defendant) appeals from an order that, inter alia, denied her pre-answer motion to dismiss the complaint against her on the ground that the action was not commenced against her within the one-year and 90-day statute of limitations period set forth in General Municipal Law § 50-i (1) (c). Plaintiff commenced this action against defendant seeking damages for injuries that she allegedly sustained as the result of a motor vehicle collision between a vehicle operated by plaintiff and a vehicle owned and operated by defendant. Defendant's employer, defendant Orleans/Niagara Board of Cooperative Educational Services (BOCES), was added as a defendant after the entry of the order appealed from. We affirm.
In reviewing this pre-answer motion to dismiss pursuant to CPLR 3211, we must "accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Furthermore, "[o]n a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815, 816 [2d Dept 2008]; see Loscalzo v 507-509 President St. Tenants Assn. Hous. Dev. Fund Corp., 153 AD3d 614, 615 [2d Dept 2017], lv denied 30 NY3d 905 [2017]).
Here, defendant alleged that the complaint against her was time-barred because she was acting within the scope of her employment, and thus the limitations period set forth in the General Municipal Law is applicable. Defendant is correct that, if she was acting in the performance of her duties and within the scope of her employment when she committed the alleged tort, BOCES must indemnify her for damages arising therefrom (see Education Law § 3023; see generally Clark v City of Ithaca, 235 AD2d 746, 747 [3d Dept 1997]). Furthermore, if BOCES must indemnify defendant, then BOCES "is the real party in interest and General Municipal Law § 50-i (1) (c) applies to the . . . cause of action against" defendant (Ruggiero v Phillips, 292 AD2d 41, 44 [4th Dept 2002]). Nevertheless, "[w]hether an employee was acting within the scope of his or her employment is generally a question of fact for the jury" (Gui Ying Shi v McDonald's Corp., 110 AD3d 678, 679 [2d Dept 2013]) and, contrary to defendant's contention, the evidence that she submitted in support of her motion failed to establish as a [*2]matter of law that she was acting within the scope of her employment when the collision occurred.
Contrary to defendant's further contention, there is a triable question of fact whether she is barred by the doctrine of equitable estoppel from raising a statute of limitations defense (see generally Richey v Hamm, 78 AD3d 1600, 1603 [4th Dept 2010]). Under that doctrine, "a defendant is estopped from pleading a statute of limitations defense if the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action' " (Ross v Louise Wise Servs., Inc., 8 NY3d 478, 491 [2007], quoting Simcuski v Saeli, 44 NY2d 442, 449 [1978]; see Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553 [2006]), and the plaintiff's reliance on the fraud, misrepresentations or deception was reasonable (see Putter, 7 NY3d at 552-553). "Although there are exceptions, the question of whether a defendant should be equitably estopped is generally a question of fact' " (Local No. 4, Intl. Assn. of Heat & Frost & Asbestos Workers v Buffalo Wholesale Supply Co., Inc., 49 AD3d 1276, 1278 [4th Dept 2008], quoting Putter, 7 NY3d at 553). Here, we conclude that "[p]laintiff set forth sufficient factual allegations of defendant['s] affirmative acts of deception to raise a triable issue of fact whether the doctrine of equitable estoppel should apply to toll the [s]tatute of [l]imitations" (Niagara Mohawk Power Corp. v Freed, 265 AD2d 938, 940 [4th Dept 1999]; cf. Lohnas v Luzi [appeal No. 2], 140 AD3d 1717, 1719 [4th Dept 2016], affd 30 NY3d 752 [Feb. 15, 2018]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court