18-556-cv
*Talebi v. Gas Turbine Controls Corp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand eighteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        AMALYA L. KEARSE,
        DENNY CHIN,
                *Circuit Judges*.

─────────────────────────────────────────────

SAEED (ALLEN) TALEBI, SATCO INCORPORATED,

        *Plaintiffs-Appellants*,

                v.                                              No. 18-556

GAS TURBINE CONTROLS CORPORATION,
PETER ZINMAN,

        *Defendants-Appellees*.*

─────────────────────────────────────────────

For Plaintiffs-Appellants:          SAEID B. AMINI, Washington, DC.


For Defendants-Appellees:           MIRIAM MANBER (Fredric S. Newman, *on the brief*), Hoguet Newman Regal & Kenney, LLP, New York, NY.

─────────────────────

* The Clerk of Court is directed to amend the caption as set forth above.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Saeed Talebi and Satco Incorporated appeal the judgment of the United States District Court for the Southern District of New York (Stein, *J.*) dismissing their amended complaint against defendants-appellees Gas Turbine Controls Corporation and Peter Zinman as time-barred under the operative four-year statute of limitations. We assume the parties' familiarity with the factual background and procedural history of this case, as well as the issues on appeal. "We review *de novo* a district court's grant of a motion to dismiss, including its legal interpretation and application of a statute of limitations . . . ." *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015).

We reject plaintiffs' contentions that the district court erred in holding that their claims accrued on July 5, 2011. Under New York law, "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." N.Y. U.C.C. § 2-725(2); *see, e.g.*, *Triangle Underwriters, Inc. v. Honeywell, Inc.*, 604 F.2d 737, 741 (2d Cir. 1979). And because the amended complaint alleges that defendants "materially breached" the agreement that forms the basis of plaintiffs' claims "on or about July 5, 2011," J. App'x 19, the district court's ruling was correct. Plaintiffs' contentions that their claims have not yet accrued, that the accrual date is a matter of factual dispute, and that the federal discovery rule governs when their state-law claims accrued are wholly without merit.

2

Plaintiffs next argue that the statute of limitations was tolled because defendants were responsible for the untimely filing. Although plaintiffs invoke several tolling doctrines, we, like the district court, understand this as an argument that defendants are equitably estopped from asserting the time bar. *See Putter v. N. Shore Univ. Hosp.*, 7 N.Y.3d 548, 552–53 (2006) ("Equitable estoppel is appropriate where the plaintiff is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the defendant."). However, the district court correctly rejected plaintiffs' unsupported allegations that defendants orchestrated Talebi's conviction and imprisonment for violating U.S. sanctions against Iran as insufficiently pleaded. *See Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015) ("When a plaintiff relies on a theory of equitable estoppel to save a claim that otherwise appears untimely on its face, the plaintiff must specifically plead facts that make entitlement to estoppel plausible (not merely possible).").

Finally, plaintiffs argue that the district court erred by not converting defendants' motion to dismiss into a motion for summary judgment. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–55 (2d Cir. 2002). However, the district court expressly declined to consider any materials outside the amended complaint, and the amended complaint on its face was sufficient to conclude that plaintiffs' claims were time-barred.

We have considered plaintiffs' remaining arguments and found them without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3