Homeward Residential, Inc. v Thompson Hine, LLP (2019 NY Slip Op 03542)





Homeward Residential, Inc. v Thompson Hine, LLP


2019 NY Slip Op 03542


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kapnick, Kern, JJ.


9230 156730/17

[*1]Homeward Residential, Inc., Plaintiff-Appellant,
v
Thompson Hine, LLP, Defendant-Respondent.


Goulston & Storrs, PC, New York (Nicholas Cutaia of counsel), for appellant.
Thompson Hine LLP, New York (Richard A. De Palma of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered February 23, 2018, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.
Defendant demonstrated that there is no basis for asserting specific or general personal jurisdiction over it in New York because it is a limited liability partnership formed in Ohio, with a principal place of business in Ohio, and it rendered legal services to plaintiff in Georgia and Ohio only, not in New York (see Daimler AG v Bauman, 571 US 117 [2014]; Magdalena v Lins, 123 AD3d 600, 601 [1st Dept 2014]). In opposition, plaintiff argued that defendant should be equitably estopped to assert the defense of lack of jurisdiction because it represented that it had a principal place of business in New York City, and plaintiff's counsel relied on those representations in bringing suit in New York (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553 [2006]; Burrowes v Combs, 25 AD3d 370, 372 [1st Dept 2006], lv denied 7 NY3d 704 [2006]). However, plaintiff failed to demonstrate that counsel's reliance on these purported representations was reasonable.
Plaintiff contends that its attorneys relied on defendant's filings as a foreign partnership with the New York Department of State (DOS), which identified a New York address as its "Principal Executive Office," and on a complaint filed by defendant in an unrelated action in which it alleged that its principal place of business was in New York. However, defendant presented evidence showing that any search for public information would disclose that it is an Ohio-based law firm, with its principal place of business in Cleveland, and, moreover, that plaintiff was aware of this, as it had dealt with the firm in Georgia and Ohio only and sent payments to the Cleveland office. Defendant also showed that it did not affirmatively misrepresent its place of business in its DOS filings, which disclose that it is a foreign limited liability corporation and provide its Cleveland address for service of process. Plaintiff's "timely awareness of the facts requiring [it] to make further inquiry" and failure to make such inquiry [*2]before bringing suit in New York render equitable estoppel inappropriate as a matter of law (Putter, 7 NY3d at 553-554).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK