Great Lakes Ins. SE v American S.S. Owners Mut. Protection & Indem. Assn. Inc. (2023 NY Slip Op 01742)

Great Lakes Ins. SE v American S.S. Owners Mut. Protection & Indem. Assn. Inc.

2023 NY Slip Op 01742

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Renwick, A.P.J., Gesmer, Singh, González, Scarpulla, JJ. 

Index No. 157295/21 Appeal No. 17596 Case No. 2022-05157 

[*1]Great Lakes Insurance SE in its own right and/or as Subrogee of Pacific Gulf Shipping Co., Plaintiff-Respondent,
v
American Steamship Owners Mutual Protection and Indemnity Association Inc. Also Known as The American Club, et al., Defendants-Appellants.

Brown Gavalas & Fromm LLP, New York (David H. Fromm of counsel), for American Steamship Owners Mutual Protection and Indemnity Association Inc. and Shipowners Claims Bureau Inc., appellants.
Blank Rome LLP, New York (William R. Bennett III of counsel), for George Gourdomichalis and Efstathios Gourdomichalis, appellants.
Chalos & Co., P.C., Oyster Bay (Briton P. Sparkman of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about November 1, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' motions to dismiss the cause of action for negligence, unanimously modified, on the law, defendants American Club Owners Mutual Protection and Indemnity Association Inc. (The American Club) and Shipowners Claims Bureau, Inc.'s (SCB) motion to dismiss granted on the negligence claim, and otherwise affirmed, without costs.
According to the allegations in the complaint, defendants insured an unseaworthy vessel, the M/V Adamastos, which was registered to nonparty Adamastos Shipping, an entity owned and operated by defendants George and Efstathios Gourdomichalis (together, the Gourdomichalis defendants). The Gourdomichalis defendants also were officers of nonparty Phoenix Shipping & Trading, S.A., which managed and operated the vessel. Plaintiff underwrote insurance policies to the vessel, and defendant The American Club, for which George Gourdomichalis served as chairman of the board of directors, provided additional insurance.
Plaintiff alleges that the Gourdomichalis defendants, The American Club, Adamastos Shipping, and Phoenix Shipping negligently failed to comply with the requirements of a terminal in Brazil, where the vessel was to be loaded en route to its destination, and that the vessel was therefore detained there. Plaintiff also alleges that the Gourdomichalis defendants conspired with The American Club and SCB to abandon the vessel in Brazil so that defendants could avoid tens of millions of dollars in claims resulting from the vessel's failure to complete its voyage. Furthermore, plaintiff alleges, after the vessel was abandoned, defendants wrongfully terminated the vessel's insurance coverage from The American Club, leaving plaintiff with the liability for all claims.
Plaintiff's allegations are sufficient to establish long-arm jurisdiction over the Gourdomichalis defendants in accordance with CPLR 302(a)(1). In addition to the allegations already enumerated, plaintiff alleges that George Gourdomichalis facilitated the procurement of the vessel's insurance from The American Club through SCB. Plaintiff further alleges that Adamastos Shipping, through its principal George Gourdomichalis, notified The American Club of the potential insurance claim, and that after The American Club transferred the matter to its New York office, the Gourdomichalis defendants communicated with it about the incident, ultimately leading to termination of the insurance. Thus, the allegations support the conclusion that the Gourdomichalis defendants were "primary actors with respect to the transaction at issue" (Matter of Renren, Inc., 192 AD3d 539, 539 [1st Dept 2021]). Furthermore, as officers of a corporation — namely, Phoenix Shipping — that allegedly participated in the commission of a tort, the Gourdomichalis defendants may be held individually liable for that tort (see Peguero [*2]v 601 Realty Corp., 58 AD3d 556, 558 [1st Dept 2009]). For the same reasons, the establishment of long-arm jurisdiction here is consistent with due process (see Matter of Renren, 192 AD3d at 539).
As to the merits, plaintiff stated a cause of action for negligence as against the Gourdomichalis defendants by alleging that they had a duty to ensure that the vessel was seaworthy and breached that duty (see Dutra Group v Batterton, — US &mdash, 139 S Ct 2275, 2287 [2019]). Further, plaintiff sufficiently alleged that the negligence claim was timely because the three-year statute of limitations was equitably tolled. Plaintiff alleges that defendants concealed their scheme and failed to notify plaintiff of the incident; as a result, plaintiff asserts, it did not learn of the incident until it was discovered in January 2019 during the course of other litigation (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 553 [2006]).
However, Supreme Court erred in finding that plaintiff stated a negligence cause of action as against The American Club and SCB. There was no duty under the insurance contract issued by The American Club to plaintiff (see Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232 [2001] [stating that the "threshold question in any negligence action is: does defendant owe a legally recognized duty of care to plaintiff?"]). Thus, plaintiff cannot establish the duty element of its negligence claim against The American Club and SCB and dismissal is warranted. We note that Supreme Court permitted the plaintiff to replead its fraud-based claims against The American Club and SCB.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023